

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 9, 1959

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-723

Re: Proper rate of reim-
bursement for mileage
by privately owned con-
veyance for Judges (in-
cluding District Judges)
Dear Mr. Calvert:  and District Attorneys.

You have requested an opinion on the following
question:

"On and after September 1, 1959,
what will be the proper rate of reim-
bursement for mileage by private owned
conveyance for Judges (including Dis-
trict Judges) and District Attorneys?"

Article 6823, Revised Civil Statutes of Texas, 1925,
provided as follows:

"The traveling and other necessary
expenses incurred by the various officers,
assistants, deputies, clerks and other em-
ployes in the various departments of the
State Government, in the active discharge
of their duties shall be such as are spe-
cifically fixed and appropriated by the
Legislature in the general appropriation
bills providing for the expenses of the
State Government from year to year."

In 1931, the Legislature amended Article 6823 by
adding a provision which provided as follows:

". . . When appropriations for traveling expenses are made any allowances or payments to officials or employees for the use of privately owned automobiles shall be on a basis of actual mileage traveled for each trip or all trips covered by the expense accounts submitted for payment or allowance from such appropriations, and such payment or allowance shall be made at a rate not to exceed five (5¢) cents for each mile actually traveled, and no additional expense incident to the operation of such automobile shall be allowed." (Emphasis ours).

In 1949, the Legislature amended Article 6823 by removing from its provisions the phrase "and such payment or allowance shall be made at a rate not to exceed Five (5¢) Cents for each mile actually traveled."

Article 6823 was again amended in 1953 so that it now provides:

"The traveling and other necessary expenses incurred by the various officers, assistants, deputies, clerks and other employees in the various departments, institutions, boards, commissions or other subdivisions of the State Government, in the active discharge of their duties shall be such as are specifically fixed and appropriated by the Legislature in the General Appropriation Bills providing for the expenses of the State Government from year to year. When appropriations for traveling expenses are made any allowances or payments to officials or employees for the use of privately owned automobiles shall be on a basis of actual mileage traveled for each trip or all trips covered by the expense accounts submitted for payment or allowance from such appropriations, and such payment or allowance shall be made at a rate of seven cents (7¢) for each mile actually traveled, and no additional expense incident to the operation of such automobile shall be allowed." (Emphasis ours).

Senate Bill 272, Acts of the 56th Legislature, Regular Session, Chapter 231, Page 523 (codified in Vernon's as Article 6823a) is an Act providing for state travel regulations. Section 2 of Senate Bill 272 reads as follows:

"Sec. 2. The provisions of this Act shall apply to all officers, heads of state agencies, and state employees. The provisions of this Act shall not apply to judges and other judicial employees paid by the state, counties, or other political subdivisions pursuant to law. Heads of state agencies shall mean elected state officials, excluding members of the Legislature who shall receive travel reimbursement as provided by the Constitution, appointed state officials, appointed state officials whose appointment is subject to Senate confirmation, directors of legislative interim committees or boards, heads of state hospitals and special schools, and heads of state institutions of higher education."

Subdivision b of Section 3 of Senate Bill 272 provides as follows:

"b. The rate of per diem and transportation allowance and method of computing those rates shall be those set forth in General Appropriation Acts providing for the expenses of the state government from year to year."

It is noted that it is specifically provided that the provisions of Senate Bill 272 shall not apply to judges and judicial employees. It is also specifically provided that it shall apply to State officials. Since the District Attorneys of this State are State officials within the meaning of Senate Bill 272 and are not judicial employees, the rate of transportation allowance (mileage) of District Attorneys' official travel is governed by the provisions of Senate Bill 272. Since Senate Bill 272 specifically provides that its provision shall not apply to judges, the rate of transportation allowance (mileage) of judges' official travel is not governed by its provisions, but is governed by the provisions of Article 6823, Revised Civil Statutes of Texas, 1925, as amended.

3584

Article 6823 limits the rate of transportation allowance (mileage) to Seven (7¢) Cents per mile. You are therefore advised that the rate of transportation allowance for judges is Seven (7¢) Cents per mile.

Senate Bill 272 provides that the rates of transportation allowance shall be those set forth in the General Appropriation Act. Subdivision a of Section 32 of Article V of House Bill 4, Acts of the 56th Legislature, Third Called Session (current General Appropriation Act) sets the rate of transportation allowance (mileage) at Eight (8¢) Cents per mile. Therefore, the proper rate of transportation allowance (mileage) for District Attorneys is Eight (8¢) Cents per mile.

## SUMMARY

The proper rate of transportation allowance for judges is Seven (7¢) Cents per mile. Article 6823, Revised Civil Statutes of Texas, 1925, as amended. The proper rate of transportation allowance (mileage) for District Attorneys is Eight (8¢) Cents per mile. Senate Bill 272 Acts of the 56th Legislature, Regular Session, Chapter 231, Page 523 (Article 6823a, Vernon's Civil Statutes).

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:mg:me

APPROVED:

OPINION COMMITTEE
Gordon Cass, Chairman

Jot A. Hodges
Elmer McVey
Morgan Nesbitt

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert